UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| LEVI STRAUSS & CO.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SKILLZ, MANHATTAN, LOOPS FARMER, INC., MEMBER'S PROPERTY, INC., and UNDRCRWN, LLC,<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND DILUTION (INJUNCTIVE RELIEF SOUGHT)**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Levi Strauss & Co. ("LS&CO.") complains against defendants Skillz, Manhattan, Loops Farmer, Inc. ("Loops Farmer"), Member's Property, Inc. ("Member's Property"), and Undrcrwn, LLC ("Undrcrwn") (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1.　　Plaintiff's first, second and third claims arise under the Trademark Act of 1946 ("the Lanham Act"), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, et seq.). This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1121 (Lanham Act). This Court has supplemental jurisdiction over the remaining state law claims under 28

U.S.C. § 1367.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are located and transact affairs in this district and because a substantial part of the events giving rise to the claims asserted arose in this district.

## PARTIES

3. LS&CO. is a Delaware corporation with its principal place of business at Levi's Plaza, 1155 Battery Street, San Francisco, California 94111. Operating since approximately the 1850's, LS&CO. is one of the oldest and best known apparel companies in the world. It markets and sells a variety of apparel, including its traditional LEVI'S® brand jeans.

4. LS&CO. is informed and believes that defendant Skillz is an Atlanta privately held company with its principal place of business at 2841 Greenbriar Pkwy SW, Atlanta, Georgia 30331-2620. LS&CO. is informed and believes that Skillz offers to sell and sells, or has offered to sell and sold, clothing, including jeans, under the brand names CLASSIC BLUE, DMAR or DMAX, MEMBER'S PROPERTY and SKY, in this judicial district. LS&CO. is further informed and believes that Skillz has authorized, directed, and/or actively participated in the wrongful conduct alleged herein.

5. LS&CO. is informed and believes that defendant Manhattan is an

Atlanta retail business entity with its principal place of business at 1120 Cumberland Mall SE, Atlanta, Georgia 30339.  LS&CO. is informed and believes that Manhattan offers to sell and sells, or has offered to sell and sold, clothing, including jeans, under the brand name DMAR or DMAX in this judicial district.  LS&CO. is further informed and believes that Manhattan has authorized, directed, and/or actively participated in the wrongful conduct alleged herein.

6. LS&CO. is informed and believes that defendant Loops Farmer is a New Jersey corporation with its principal place of business at 2B/270 Marin Blvd., Jersey City, New Jersey 07302.  LS&CO. is informed and believes that Loops Farmer manufactures, distributes and/or sells, or has manufactured, distributed and/or sold, clothing, including jeans, under the brand name DMAR or DMAX which is offered for sale and sold in this judicial district.  LS&CO. is further informed and believes that Loops Farmer has authorized, directed, and/or actively participated in the wrongful conduct alleged herein.

7. LS&CO. is informed and believes that defendant Member's Property is an Illinois corporation with its principal place of business at 1854 Trevino Terrace, Vernon Hill, Illinois 60061.  LS&CO. is informed and believes that Member's Property manufactures, distributes and/or sells, or has manufactured, distributed and/or sold, clothing, including jeans, under the brand name

MEMBER'S PROPERTY which is offered for sale and sold in this judicial district. LS&CO. is further informed and believes that Member's Property has authorized, directed, and/or actively participated in the wrongful conduct alleged herein.

8. LS&CO. is informed and believes that defendant Undrcrwn is a New York corporation with its principal place of business at 1338 N. Mascher Street, Philadelphia, Pennsylvania 19122-4606. LS&CO. is informed and believes that Undrcrwn manufactures, distributes and/or sells, or has manufactured, distributed and/or sold, clothing, including jeans, under the brand name CLASSIC BLUE which is offered for sale and sold in this judicial district. LS&CO. is further informed and believes that Undrcrwn has authorized, directed, and/or actively participated in the wrongful conduct alleged herein.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

9. LS&CO. marks its LEVI'S® brand products with a set of trademarks that are famous around the world. For many years prior to the events giving rise to this Complaint and continuing to the present, LS&CO. annually has spent great amounts of time, money, and effort advertising and promoting the products on which its trademarks are used and has sold many millions of these products all over the world, including throughout the United States. Through this investment and large sales, LS&CO. has created considerable goodwill and a reputation for

quality products.  LS&CO. continuously has used these trademarks, some for well over a century, to distinguish its products.

10. The majority of LS&CO.'s trademarks are federally registered; all are in full force and effect, and exclusively owned by LS&CO.  LS&CO. continuously has used each of its federally registered trademarks from the registration date or earlier until the present and during all time periods relevant to LS&CO.'s claims.

**LS&CO.'s Arcuate Trademark**

11. Among its marks, LS&CO. owns the famous Arcuate Stitching Design Trademark (the "Arcuate trademark"), which consists of a distinctive pocket stitching design that is the oldest known apparel trademark in the United States.  LS&CO. has used the Arcuate trademark continuously since 1873 in interstate commerce on clothing products.  LS&CO. first used the Arcuate trademark on jeans and later used it on other products as well.  Examples of LS&CO.'s use of the Arcuate trademark on LEVI'S® jeans are attached as Exhibit A.

12. LS&CO. owns, among others, the following United States Registrations for its Arcuate trademark, attached as Exhibit B.  These registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

    a. U.S. Registration No. 404,248 (first used as early as 1873;

registered November 16, 1943);

  b. U.S. Registration No. 1,139,254 (first used as early as 1873; registered September 2, 1980);

  c. U.S. Registration No. 2,794,649 (first used as early as 1873; registered December 16, 2003).

 13. The Arcuate trademark is famous and is recognized around the world and throughout the United States by consumers as signifying high quality LEVI'S® products.

**<u>Defendants' Infringements of LS&CO.'s Arcuate Trademark</u>**

 14. Notwithstanding LS&CO.'s prior rights in the Arcuate trademark, Defendants began and continue to manufacture, source, market and/or sell jeans under the brand names CLASSIC BLUE, DMAR or DMAX, MEMBER'S PROPERTY, and SKY displaying pocket stitching designs that are confusingly similar to LS&CO.'s Arcuate trademark, including but not limited to the designs shown in <u>Exhibit C</u> (the "Infringing Designs").

 15. Defendants' use of the Infringing Designs began well after LS&CO. acquired rights in the Arcuate trademark.

 16. LS&CO. is informed and believes that Defendants have manufactured, marketed and sold substantial quantities of products bearing the

Infringing Designs, and have obtained and continue to obtain substantial profits thereby.

17. Defendants' actions as alleged herein have caused and will cause LS&CO. irreparable harm for which money damages and other remedies are inadequate. Unless Defendants are restrained by this Court, they will continue and/or expand the illegal activities alleged in this Complaint and otherwise continue to cause great and irreparable damage and injury to LS&CO. by, among other things:

 a. Depriving LS&CO. of its statutory rights to use and control use of its trademark;

 b. Creating a likelihood of confusion, mistake and deception among consumers and the trade as to the source of the infringing products;

 c. Causing the public falsely to associate LS&CO. with Defendants and/or the products they manufacture, market and/or sell, or vice versa;

 d. Causing incalculable and irreparable damage to LS&CO.'s goodwill and diluting the capacity of its trademark to differentiate LEVI'S® products from others; and

    e. Causing LS&CO. to lose sales of its genuine clothing products.

 18. Accordingly, in addition to other relief sought, LS&CO. is entitled to preliminary and permanent injunctive relief against Defendants and all persons acting in concert with them.

**FIRST CLAIM**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. §§ 1114-1117; Lanham Act § 32)**

 19. LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 18 of this Complaint.

 20. Without LS&CO.'s consent, Defendants have used, in connection with the sale, offering for sale, distribution, or advertising of products, designs that infringe upon LS&CO.'s registered Arcuate trademark.

 21. These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

 22. As a direct and proximate result of Defendants' infringing activities, LS&CO. has suffered substantial damage.

 23. Defendants' infringements of LS&CO.'s trademark as alleged herein are exceptional cases and were intentional, entitling LS&CO. to treble its actual damages and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and

1117(b).

## SECOND CLAIM
## FEDERAL UNFAIR COMPETITION
### (False Designation of Origin and False Description)
### (15 U.S.C. § 1125(a); Lanham Act § 43(a))

24. LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 23 of this Complaint.

25. Defendants' conduct constitutes the use in commerce of symbols or devices tending falsely to describe the infringing products, within the meaning of 15 U.S.C. § 1125(a)(1). Defendants' activities and actions, both separately and collectively, are likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship or approval of the infringing products to the detriment of LS&CO. and in violation of 15 U.S.C. § 1125(a)(1).

26. As a direct and proximate result of Defendants' infringing activities, LS&CO. has suffered substantial damage.

## THIRD CLAIM
## FEDERAL DILUTION OF FAMOUS MARKS
### (Trademark Dilution Revision Act of 2006)
### (15 U.S.C. § 1125(c); Lanham Act § 43(c))

27. LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 26 of this Complaint.

28. LS&CO.'s Arcuate trademark is distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

29. Defendants' activities as alleged herein, both separately and collectively, have diluted or are likely to dilute the distinctive quality of LS&CO.'s trademark in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

30. LS&CO. is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).

31. Because Defendants willfully intended to trade on LS&CO.'s reputation and/or to cause dilution of LS&CO.'s famous trademark, LS&CO. is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

### FOURTH CLAIM
### GEORGIA DILUTION AND TRADEMARK INFRINGEMENT
### (Ga. Code Ann. §§ 10-1-450; 10-1-451(a); 10-1-451(b))

32. LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 31 of this Complaint.

33. Defendants are making unauthorized and unlicensed use in commerce of the Infringing Designs in violation of Georgia Code of Commerce and Trade §§ 10-1-450 and 10-1-451(b). Defendants' conduct is likely to dilute the distinctive

quality of the Arcuate trademark and is likely to blur the public's identification of the Arcuate trademark with LS&CO. and tarnish the positive associations and prestigious connotations of the Arcuate trademark.  As a result of Defendants' acts, LS&CO. has suffered and is likely to suffer irreparable injury to its business reputation and marks.

34.     Defendants infringed and diluted LS&CO.'s trademark with knowledge and intent to cause confusion, mistake or deception.

35.     Pursuant to Georgia Code of Commerce and Trade §§ 10-1-451(a), and 10-1-451(b), LS&CO. is entitled to injunctive relief; liquidated damages, and/or actual damages.

## FIFTH CLAIM
## GEORGIA UNFAIR AND DECEPTIVE TRADE PRACTICES
### (Ga. Code Ann. §§ 10-1-370 - 10-1-375)

36.     LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 35 of this Complaint.

37.     Defendants' conduct is causing actual and a likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of Defendants' goods, causing a likelihood of confusion as to Defendants' affiliation, connection, or association with another, and otherwise damaging the public.  Defendants' conduct constitutes unfair and deceptive acts or practices in the course of a

business, trade or commerce in violation of O.C.G.A. §§ 10-1-370 to 10-1-375 and similar statutes of other States.

38. Defendants' willfully engaged in the activities described in this Complaint knowing they would deceive the consuming public.

39. As a consequence of Defendants' actions, and pursuant to O.C.G.A. § 10-1-373, LS&CO. is entitled to injunctive relief; and attorneys' fees and costs.

## SIXTH CLAIM
## COMMON LAW AND STATE UNFAIR COMPETITION

40. LS&CO. repeats and incorporates by reference the allegations of paragraphs 1 through 39 as if set forth fully herein.

41. Defendants' conduct constitutes common law unfair competition, and has created and will continue to create a likelihood of confusion to LS&CO.'s irreparable injury unless restrained by this Court. LS&CO. has no adequate remedy at law for this injury.

42. On information and belief, Defendants' conduct demonstrates a bad faith, intentional, and willful intent to mislead, deceive, and confuse the public. Such conduct is in violation of the common law prohibition against unfair competition, constitutes unfair competition under O.C.G.A. § 23-2-55 and similar statutes of other States.

43. LS&CO. is therefore entitled to injunctive relief, to an award of its

actual damages, and to an accounting of any profits enjoyed by Defendants as a result of its unlawful conduct.

## PRAYER FOR JUDGMENT

WHEREFORE, LS&CO. prays that this Court grant it the following relief:

44. Adjudge that LS&CO.'s Arcuate trademark has been infringed by Defendants in violation of LS&CO.'s rights under common law, 15 U.S.C. § 1114, and/or Georgia law;

45. Adjudge that Defendants have competed unfairly with LS&CO. in violation of LS&CO.'s rights under common law, 15 U.S.C. § 1125(a), and/or Georgia law;

46. Adjudge that Defendants' activities are likely to, or have, diluted LS&CO.'s famous Arcuate trademark in violation of LS&CO.'s rights under common law, 15 U.S.C. § 1125(c), and/or Georgia law;

47. Adjudge that Defendants and their agents, employees, attorneys, successors, assigns, affiliates, and joint venturers and any person(s) in active concert or participation with them, and/or any person(s) acting for, with, by, through or under them, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

    a.    Sourcing, importing, selling, offering for sale, distributing,

advertising, or promoting any goods that display any words or symbols that so resemble LS&CO.'s Arcuate trademark as to be likely to cause confusion, mistake or deception, on or in connection with any product that is not authorized by or for LS&CO., including without limitation any product that bears any of the Infringing Designs or any other approximation of LS&CO.'s trademark;

      b.    Using any word, term, name, symbol, device or combination thereof that causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendants or their products with LS&CO. or as to the origin of Defendants' products, or any false designation of origin, false or misleading description or representation of fact, including without limitation any of the Infringing Designs;

      c.    Further infringing the rights of LS&CO. in and to any of its trademarks in its LEVI'S® brand products or otherwise damaging LS&CO.'s goodwill or business reputation;

      d.    Otherwise competing unfairly with LS&CO. in any manner; and

      e.    Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

48.    Adjudge that Defendants be required immediately to supply

LS&CO.'s counsel with a complete list of individuals and entities from whom or which they purchased, and to whom or which they sold, infringing products as alleged in this Complaint;

49. Adjudge that Defendants be required immediately to deliver to LS&CO.'s counsel their entire inventory of infringing products, including without limitation pants and any other clothing, packaging, labeling, advertising and promotional material that are in their possession or subject to their control and that infringe LS&CO.'s trademark as alleged in this Complaint;

50. Adjudge that Defendants, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon LS&CO.'s counsel written reports under oath setting forth in detail the manner in which each Defendant has complied with the judgment;

51. Adjudge that LS&CO. recover from Defendants its damages and lost profits in an amount to be proven at trial;

52. Adjudge that Defendants be required to account for any profits that are attributable to their illegal acts, and that LS&CO. be awarded the greater of (1) three times each Defendants' profits or (2) three times any damages sustained by LS&CO., under 15 U.S.C. § 1117 and/or Georgia law, plus prejudgment interest;

53. Order an accounting of and impose a constructive trust on all of

Defendants' funds and assets that arise out of their infringing activities;

54. Adjudge that LS&CO. be awarded its costs and disbursements incurred in connection with this action, including LS&CO.'s reasonable attorneys' fees and investigative expenses; and

55. Adjudge that all such other relief be awarded to LS&CO. as this Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

LS&CO. demands that this action be tried before a jury.

DATED: July 26, 2010                    Respectfully submitted,

/s/ Tywanda H. Lord
Tywanda H. Lord (Ga. Bar No. 006848)
tlord@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309-4530
(404) 815-6500 (telephone)
(404) 815-6555 (facsimile)

TOWNSEND and TOWNSEND and CREW LLP
Gregory S. Gilchrist (Bar # 111536)
Gia L. Cincone (Bar #141668)
Ryan Bricker (Bar #269100)
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
(415) 576-0200 (telephone)
(415) 576-0300 (facsimile)
gsgilchrist@townsend.com
glcinconer@townsend.com
rbricker@townsend.com
***Attorneys for Plaintiff Levis Strauss & Co.***